Kunwar v. Holder

BIA
Zagzoug, IJ
A089 908 356

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

BIR BAHADUR KUNWAR,
> *Petitioner,*

> v.                                            13-2321
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Marie Licelle R. Cobrador, Esq., The
                           Bhatta Law Firm, P.C., Jackson
                           Heights, NY.

FOR RESPONDENT:            Stuart F. Delery, Assistant Attorney
                           General; Blair O'Connor, Assistant

Director; Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Bir Bahadur Kunwar, a native and citizen of Nepal, seeks review of a May 10, 2013 decision of the BIA affirming the December 6, 2011 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bir Bahadur Kunwar*, No. A089 908 356 (B.I.A. May 10, 2013), *aff'g* No. A089 908 356 (Immig. Ct. N.Y. City Dec. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA did not affirm the IJ's holding that Kunwar failed to show that he suffered harm rising to the level of

2

persecution but, rather, concluded that Kunwar had not established a nexus between the harm he suffered and a protected ground. Accordingly, this is the only issue before us as to the denial of asylum and withholding of removal.

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). To establish persecution "on account of" political opinion, an asylum applicant must demonstrate that the persecutor's motive arises from the applicant's political belief, "actual or imputed." *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). An applicant "need not demonstrate that a protected ground was the exclusive reason for persecution," and may prevail on a "mixed motive" claim if he demonstrates that his political opinion is "one central reason" for the persecution. *Id.* at 103-04.

Here, the BIA stated that the "Maoists attempted to recruit [Kunwar] without any apparent knowledge of his political opinion." However, the BIA did not address record

3

evidence that, after Kunwar told his recruiters that he disagreed with their politics, they threatened him and tried to kill him. Specifically, the BIA did not explain why Kunwar's evidence that he was targeted after the Maoists learned his political opinion was insufficient to show a nexus to the harm suffered.

Because the challenged denial cannot be sustained absent further explanation, we remand the petition to the agency for further consideration and explication of whether the referenced evidence established a nexus between a protected ground and the harm Kunwar faced. We express no opinion as to whether Kunwar met his burden of showing either past persecution or a well-founded fear of future persecution.

Further, because the BIA did not adopt the IJ's past persecution finding, the severity of the past harm and, by extension, the severity of any possible future harm, questions central to the CAT analysis, remain open. On remand, the agency should also more thoroughly address Kunwar's CAT claim.

For the foregoing reasons, the petition for review is GRANTED. Any pending request for oral argument in this

petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                  FOR THE COURT:
                  Catherine O'Hagan Wolfe, Clerk of Court